Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SANTIAGO RODRÍGUEZ TORRES, IDALIA RODRÍGUEZ GONZÁLEZ<br><br>Peticionarios<br><br>v.<br><br>FEDERICO RODRÍGUEZ TORRES, RAÚL RODRÍGUEZ TORRES<br><br>Recurridos | KLCE202400895 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV04578<br><br>Sobre: División de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de septiembre de 2024.

I

En el caso del título los peticionarios instaron una *Demanda* sobre división de comunidad de bienes, el 16 de agosto de 2023, contra Federico Rodríguez Torres y Raúl Rodríguez Torres (en conjunto y en adelante, recurridos).[1] Luego de que se presentaran las correspondientes alegaciones responsivas, mediante *Orden,* notificada el 5 de octubre de 2023, el foro primario dispuso, en lo pertinente, que las partes del título tenían hasta el 5 de junio de 2024, para culminar el descubrimiento de prueba. Sobre este particular, resaltó que el tribunal podía acortar el término sujeto a evaluaciones del expediente, sin embargo, las partes no podían alargar el referido término, a menos que demostraran que existían circunstancias extraordinarias.[2]

---

[1] Apéndice del recurso, a las págs. 3-6.
[2] *Íd.*, a la pág. 50.

Número Identificador

RES2024_____

Así las cosas, las partes estuvieron inmersas en el descubrimiento de prueba. Conforme se desprende de los autos, el foro primario intervino en varias ocasiones en asuntos relacionados al descubrimiento de prueba. Puntualizamos que, en una de las órdenes emitidas, entiéndase, la emitida el 28 de enero de 2024, y notificada al día siguiente, apercibió a las partes que el término en el cual culminaría el descubrimiento de prueba era el 5 de junio de 2024.[3] Es decir, tal cual dispuesto en la *Orden* notificada el 5 de octubre de 2023. Igualmente, en la aludida *Orden* del 28 de enero de 2024, el tribunal de instancias dispuso que las partes tenían noventa (90) para actualizar sobre el estado de los procedimientos, entre ellos, el descubrimiento de prueba.[4] Cabe resaltar que, ante el incumplimiento de las partes con la antedicha orden, el foro primario impuso sanciones económicas a sus representantes legales.[5]

Tras varias incidencias procesales innecesarias pormenorizar, en la misma fecha en que concluía el descubrimiento de prueba, entiéndase, el 5 de junio de 2024, los peticionarios presentaron una *Moción informativa, en solicitud de remedio y en solicitud de órdenes*.[6] En la misma, solicitaron que se extendiera el descubrimiento de prueba, el cual se pautó concluir ese día, puesto que varias de las objeciones a las contestaciones al interrogatorio cursado a los recurridos no fueron contestadas. Por otra parte, indicaron que, las contestaciones a las objeciones que sí fueron provistas por los recurridos suscitaron interrogantes que hacía necesaria la intervención del foro primario.[7]

---

[3] *Íd.*, a las págs. 91-92.
[4] *Íd.*, a la pág. 91.
[5] *Íd.*, a las págs. 106-107. Precisa señalar que las referidas sanciones fueron dejadas sin efecto, mediante *Orden* del 24 de mayo de 2024.
[6] Apéndice del recurso, a las págs. 114-159.
[7] *Íd.,* a la pág. 114.

En respuesta, el referido foro notificó una *Orden,* el 6 de junio de 2024.[8] Mediante la misma, tomando en cuenta que la fecha del descubrimiento de prueba había vencido el día anterior, concedió un breve término a la parte recurrida para fijar posición. La parte recurrida presentó su escrito en oposición el 10 de junio de 2024.[9] Arguyó que, de la solicitud de remedio instada, no quedó demostrado que existieran circunstancias extraordinarias para extender el descubrimiento de prueba, según había dispuesto el foro primario. A su vez, sostuvo que, durante el trámite procesal, la parte peticionaria había desplegado un patrón de solicitar remedios en destiempo.[10] Por otro lado, adujo que las alegaciones de la Demanda no justificaban la solicitud realizada por los peticionarios de que se descubriera información con relación a sus finanzas personales.[11]

De ahí, mediante *Orden,* emitida y notificada el 11 de junio de 2024, el foro primario declaró *No Ha Lugar* la solicitud de remedio y en solicitud de órdenes presentada por los peticionarios, así como que dio por concluido el descubrimiento de prueba.[12] El aludido foro coligió que:

> [e]n ausencia de circunstancias extraordinarias que así lo ameriten, [...] horas antes de terminar el descubrimiento de prueba, no era la forma apropiada para solicitar extensión de 45 días para concluir el descubrimiento de prueba. En particular, porque en varias órdenes se apercibió a las partes de la fecha límite para la conclusión de[l] descubrimiento de prueba.

Insatisfechos con el curso decisorio, el 15 de agosto de 2024, y luego denegada una previa solicitud de reconsideración, los peticionarios presentaron un recurso de *Certiorari* ante nos.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[13] este Tribunal tiene la facultad de prescindir de

---

[8] *Íd.,* a las págs. 160-162.
[9] *Íd.,* a las págs. 163-184.
[10] *Íd.,* a la pág. 164.
[11] *Íd.,* a la pág. 171.
[12] *Íd.,* a las págs. 185-187.
[13] 4 LPRA Ap. XXII-B, R.7 (B)(5).

términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

III

En su único señalamiento de error, los peticionarios nos invitan a que intervengamos mediante un recurso discrecional de *Certiorari,* aduciendo que el tribunal de instancia incidió al dar por terminado el descubrimiento de prueba y no autorizar las órdenes solicitadas. Luego de examinar la totalidad del expediente ante nuestra consideración, así como los autos ante el TPI en SUMAC, y en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[14], y la Regla 40 del Reglamento de este Tribunal[15], hemos acordado denegar la expedición del recurso ante nos.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] 32 LPRA Ap. V, R. 52.1.
[15] 4 LPRA Ap. XXII-B, R. 40.